# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-1029V
Filed: December 4, 2015

* * * * * * * * * * * * * * * * * * * * * * * *

SANDRA and REUBEN CALIXTO, *
Parents of D.C., a minor, *

               Petitioners, *

v. *

SECRETARY OF HEALTH *
AND HUMAN SERVICES, *

            Respondent. *

* * * * * * * * * * * * * * * * * * * * * * * *

**UNPUBLISHED**

Special Master Hamilton-Fieldman

Petitioners' Motion for Dismissal
Decision; Hepatitis B ("Hep B")
Vaccine; Pancytopenia; Aplastic
Anemia.

<u>Edward Kraus</u>, Law Offices of Chicago Kent, Chicago, IL, for Petitioners.
<u>Adriana Teitel</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 23, 2014, Sandra and Reuben Calixto ("Petitioners") filed a petition for compensation on behalf of their son, D.C., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). Petitioners alleged that the administration of a Hepatitis B ("Hep B") vaccine on April 5, 2012 caused D. C. to suffer from pancytopenia and severe transfusion-dependent aplastic anemia. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On December 2, 2015, Petitioners filed a Motion for a Decision Dismissing their Petition. According to the motion, "[a]n investigation of the facts and science supporting this case has demonstrated to Petitioners that at this time they will be unable to prove that their child is entitled to compensation in the Vaccine Program." Petitioners further state that they understand that a dismissal decision will result in a judgment against them, and that such a judgment will

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

end all of their rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioners must prove either 1) that D.C. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that D.C. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.[2]

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

   **IT IS SO ORDERED.**

                                        /s/Lisa D. Hamilton-Fieldman
                                        Lisa D. Hamilton-Fieldman
                                        Special Master

---

[2] On October 7, 2015, Petitioners filed an expert report authored by Dr. Clinton F. Merrill, Jr., MD.  Dr. Merrill's report addressed the timing of onset of D.C.'s injury; Dr. Merrill did not opine in favor of causation.